**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

vs.

JONATHAN PHILLIP MENO MANTANONA,
DOB: 07/12/1987

Defendant.

) CRIMINAL CASE NO. **CF0281-23**
) GPD Report No. 23-10824
)
)
)
)
)
) **DECISION & ORDER**
) **RE. MOTION FOR LEAVE OF COURT**
) **TO FILE RESPONSE TO**
) **DEFENDANT'S MOTION TO DISMISS**
) **INDICTMENT OR TO SUPPRESS**
) **EVIDENCE**
)
)

This matter came before the Honorable Alberto E. Tolentino on February 25, 2025, for a Motion Hearing. Defendant Jonathan Phillip Meno Mantanona ("Defendant") was not present with counsel Attorney Carlos Taitano. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). The People previously filed a Motion for Leave of Court to File Response to Defendant's Motion to Dismiss Indictment or to Suppress Evidence. On this motion, the court found it was unnecessary to hear oral arguments from the parties. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefs, and the applicable law, the court now issues this Decision and Order **DENYING** the People's Motion for Leave of Court to File Response to Defendant's Motion to Dismiss Indictment or to Suppress Evidence.

\\

## BACKGROUND

On April 28, 2023, the Defendant was charged via Indictment for the following offenses: (1) AGGRAVATED ASSAULT (As a 3rd Degree Felony); (2) POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony); and (3) CRIMINAL TRESPASS (As a Petty Misdemeanor). *See* Indictment Apr. 28, 2023.

Based on the Defendant's previous assertion of his right to speedy trial, the court scheduled jury selection and trial for this case on June 14, 2023. Despite withdrawals from the Defendant's three previous attorneys in this case, the court appointed his current counsel Attorney Taitano on June 12, 2023. On June 15, 2023, the court vacated the trial date since the Defendant waived his right to speedy trial and the People sent an offer to him. He subsequently filed his written waiver of speedy trial the following day.

Due to the slow progression towards a resolution, the court issued two more sets of dates for jury selection and trial; the most recent date for trial scheduled for December 30, 2024. *See* Amended Criminal Trial Scheduling Order (Sept. 25, 2024). Prior to trial, the Defendant filed under seal a Motion to Dismiss Indictment or Suppress Evidence ("Motion to Dismiss") on December 10, 2024. On December 18, 2024, the court vacated jury selection and trial that was scheduled for December 30, 2024. *See* PTC Mins. at 9:10:09AM (Dec. 18, 2024).

The court held a motion hearing on the Defendant's Motion to Dismiss on January 7, 2025. Although the court was to hear the parties' arguments on the Motion to Dismiss, the People filed no response or opposition by the December 24, 2024, deadline. Nonetheless, the court allowed the People the opportunity to file its opposition by January 14, 2025; and for the Defendant to filed a reply, if any, by January 21, 2025. *See* Mot. Hr'g Mins. at 11:43:26AM (Jan. 7, 2025).

On February 25, 2025, the court held a motion hearing after allowing additional time to file responses to the Defendant's Motion to Dismiss. On the day of the motion hearing, the People filed two pleadings under seal: (1) Motion for Leave of Court to File Response to Defendant's Motion to Dismiss Indictment or to Suppress Evidence ("Motion for Leave"); and (2) People's Non-Opposition to Defendant's Motion to Dismiss Indictment without Prejudice. Because the Defendant was not present for the motion hearing, the court did not hear arguments on the Defendant's Motion to Dismiss and the People's Non-Opposition. Rather, the court issued a warrant for the Defendant's failure to appear at the hearing and took the People's Motion for Leave under advisement.

## DISCUSSION

Under 8 GCA § 65.45, the court may allow a party to file a motion beyond the time limit previously set by the court. *See* 8 GCA § 65.45. When permitting such a request, the court balances its ability to control its docket with the defendant's right to prepare a defense. *See Ungar v. Sarafite*, 376 U.S. 575, 590 (1964). While there is no mechanical test to determine how arbitrary a denial of a continuance is, the court looks to "the circumstances present in every case, particularly in the reasons presented to the trial judge." *Id.* at 589.

As mentioned above, the initial deadline for the People's opposition to the Motion to Dismiss was on December 24, 2024. Although this is the first request from the People for leave to file a response to the Motion to Dismiss, the court notes that it had already allowed the People additional time to file a response at the motion hearing on January 7, 2025. In its Motion for Leave, the People reference "points and authorities and such oral and documentary evidence" as support for why the court should grant the Motion for Leave. However, no such authority or evidence was attached to the Motion for Leave. It is also noteworthy that the People still filed its

untimely Non-Opposition to the Motion to Dismiss, despite no decision from this court granting the leave of court to file such Non-Opposition.

Based on the circumstances of this case, and notwithstanding the People's filing of a Non-Opposition to the Defendant's Motion to Dismiss, the court will not allow the People to file a response beyond the time limit previously set by the court.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

# CONCLUSION

For the reasons stated above, the court **DENIES** the People's Motion for Leave of Court to File Response to Defendant's Motion to Dismiss Indictment or to Suppress Evidence.

A Further Proceedings is scheduled before this court on August 22, 2025, at 2:00PM.

**SO ORDERED** this _____ JUN 1 1 2025 _____ .



_____

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e mailed to
*AG, C. Taitano*

Date *6/11/25* Time *10:18am*
*Albert Calde*
Deputy clerk , Superior Court of Guam